IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RACHEL WATSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 4:19-CV-512-KPJ |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER AND OPINION**

Pending before the Court is Target Corporation's ("Defendant's") Motion for Summary Judgment and Brief in Support (the "Motion") (Dkt. 21), to which Rachel Watson ("Plaintiff") filed a response (the "Response") (Dkt. 24), and Defendant filed a reply (the "Reply") (Dkt. 27).

Also pending is Defendant's Opposed Motion for Leave to Conduct Independent Medical Examination Outside the Discovery Period (the "Motion for Leave") (Dkt. 22), wherein Defendant requests leave for its expert to conduct an examination of Plaintiff in the event the Court denies the Motion. *See* Dkt. 22 at 1.

Upon review, the Court finds the Motion is granted and the Motion for Leave is denied as moot.

**I. BACKGROUND**

The facts of this case are largely undisputed. In fact, the present Motion turns on a single issue between the parties but not a single argument regarding recitation of the facts. *See* Dkt. 24 at 2. In the Response, Plaintiff included two additional facts, both of which are also uncontested by Defendant. *See id*. The undisputed facts are as follows: On June 18, 2017, Plaintiff went shopping with her mother and daughter at a Target store, owned by Defendant, in McKinney, Texas (the

1

"Store"). *See* Dkt. 21 at 6. Plaintiff's daughter was upset and "fussy," so Plaintiff's mother advised her to take a walk and get some peace. *See id*. When Plaintiff walked away, her daughter began screaming, so Plaintiff, after walking only approximately ten to twenty feet, turned around to come back but slipped and fell on "standing water" on the floor near a DVD bin. *See id.*; Dkt. 24 at 2. The puddle was relatively large, spread over three or four twelve-inch tiles; however, Plaintiff only saw the water on the floor after she fell. *See* Dkt. 21 at 6.

Plaintiff has no knowledge about the source of the water or who was responsible for creating the water puddle. *See id.* at 7. There was no apparent water source nearby. *See id*. Plaintiff's mother looked for a cause of the water puddle but did not recall seeing anything and did not recall any of Defendant's employees saying anything regarding the same. *See id.* at 8. Plaintiff does not have any specific reason to believe that anyone in the Store knew the water was on the floor before her fall and does not know of anyone else that slipped on the same water puddle. *See id*. Plaintiff also does not know whether the water was on the floor when she entered the Store and does not recall any conversations after the fall about how long the water puddle had been on the floor. *See id.* at 10. Plaintiff's mother also does not have any knowledge as to how long the water had been on the floor before Plaintiff's fall. *See id*.

Plaintiff's mother did not see Plaintiff fall and neither Plaintiff nor her mother know of any witnesses to the fall. *See id.* at 7. Plaintiff's mother did not recall anyone else being around. *See id*. Plaintiff, on the other hand, testified that a Store employee was in the DVD area. *See* Dkt. 24 at 2. Plaintiff estimates they had been in the Store approximately ten minutes when she fell. *See* Dkt. 21 at 7.

## II.  **LEGAL STANDARD**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the non-movant "may not rest upon mere allegations contained in the pleadings but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the

record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to her case on which she bears the burden of proof at trial. *Evans v. Texas Dep't of Transp.*, 547 F. Supp. 2d 626, 636 (E.D. Tex. 2007), *aff'd*, 273 F. App'x 391 (5th Cir. 2008) (citing *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322–23

### III. ANALYSIS

As a shopper in the Store, Plaintiff was Defendant's invitee. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). As such, under Texas premises liability law, Defendant owed Plaintiff a duty to exercise reasonable care to protect her against dangerous store conditions either known or discoverable to the merchant. *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 892 (5th Cir. 2000); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1996). However, Defendant's duty to its invitees does not make it an insurer of the invitees' safety. *Gonzalez*, 968 S.W.2d at 936.

In order to establish premises liability, a plaintiff must prove: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) the condition posed an unreasonable risk of harm; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner/operator's failure to use such care proximately caused the

4

plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citing *Corbin*, 648 S.W.2d at 296).

Defendant asserts it is entitled to summary judgment because Plaintiff has no evidence of the Store's actual or constructive knowledge of the water puddle at issue. *See* Dkt. 21 at 14. While Plaintiff does not contest she has no evidence of actual knowledge, Plaintiff argues Defendant had constructive knowledge of the water puddle. *See* Dkt. 24 at 4–5. Thus, the present Motion concerns a single point of contention—whether the situation as described by both parties constitutes sufficient evidence of constructive knowledge.

Under Texas law, a premises owner's knowledge of a potentially harmful condition can be established in one of the three following ways: (1) proof that employees caused the harmful condition; (2) proof that employees either saw or were told of the harmful condition prior to the plaintiff's injury therefrom; or (3) proof that the harmful condition was present for so long that it should have been discovered in the exercise of reasonable care. *Threlkeld*, 211 F.3d at 892 (citing *Keetch*, 845 S.W.2d at 264).

Knowledge of the condition by a premises owner may be inferred from the creation of a dangerous condition by the owner or its employees. *See Keetch*, 845 S.W.2d at 265. The fact that the owner or occupier of a premises created a condition that posed an unreasonable risk of harm may support an inference of knowledge, but the fact finder still must find that the owner or occupier knew or should have known of the condition. *Grayson v. Anselmo*, Case No. 14-06-01073-CV, 2008 WL 660433, at *3 (Tex. App.—Houston [14th Dist.] Mar. 11, 2008, no pet.); *see also Coffee v. F.W. Woolworth Co.*, 536 S.W.2d 539, 542 (Tex. 1976) ("The fact that [the defendant] created the condition was circumstantial evidence of knowledge."). The inference of actual or constructive

5

knowledge is a fact question for the trier of fact. *See id.*; *Keetch*, 845 S.W.2d at 266; *Coffee*, 536 S.W.2d at 542.

Defendant argues Plaintiff has no evidence that Defendant did anything to directly or indirectly cause the water puddle to be on the floor. *See* Dkt. 21 at 14. Defendant contends Plaintiff admits she has no reason to believe that anyone at the Store was aware of the water puddle's existence prior to her fall. *See id.* at 15. In her Response, Plaintiff does not contest that Defendant had no actual knowledge of the puddle. *See generally,* Dkt. 24. Plaintiff only argues that Defendant had constructive knowledge of the dangerous condition. *See id.* at 4. Plaintiff argued in testimony that the puddle "didn't magically appear within, like two seconds." Dkt. 24-1 at 4. Plaintiff also notes the puddle was near the front of the Store and there was an employee in the general vicinity.[1] *See* Dkt. 24 at 4–5.

Texas law is very specific on this issue: it requires <u>temporal</u> evidence so that a "factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). The Texas Supreme Court has addressed the relationship between proximity evidence, such as that offered by Plaintiff, and temporal evidence:

> What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented. And proximity evidence will often be relevant to the analysis. Thus, if the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it. Similarly, if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition. But in either case, **there must be some proof of how long the hazard was there** before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous

---

[1] Plaintiff testified that the Store employee in the DVD area did not see her fall. *See* Dkt. 27-1 at 9.

>condition. Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach we have clearly rejected.

*Reece*, 81 S.W.3d at 816 (emphasis added).

Though Plaintiff testified to the presence of an employee in the DVD area and the fact that the water puddle was near the front of the Store, this proximity evidence is, without more, insufficient. Texas law requires "some proof" of how long the puddle of water was on the ground, and Plaintiff has failed to put forward a single piece of temporal evidence. Plaintiff testified, in conclusory fashion, that the water did not "magically appear," but also admitted in testimony that she had not walked in the vicinity of the water puddle before her fall. Dkt. 24-1 at 4. Plaintiff further testified that she did not know if the water puddle was there when she entered the Store and/or how long the water puddle had been there. *See* Dkt. 27-1 at 5–6, 8. Moreover, Plaintiff testified that she did not have any reason to believe that another person at the Store was aware of the water puddle before her fall. *See id*. Hence, Plaintiff had no personal knowledge of when the water puddle at issue formed.

Viewing the evidence and all justifiable inferences in the light most favorable to Plaintiff, there is no temporal evidence such that a factfinder could find knowledge necessary for succeeding on her premises liability claim. Plaintiff has failed to raise a genuine issue of material fact, and thus, Defendant is entitled to summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment and Brief in Support (Dkt. 21) is **GRANTED**.

Additionally, Defendant's Opposed Motion for Leave to Conduct Independent Medical Examination Outside the Discovery Period (Dkt. 22) is **DENIED AS MOOT**.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that this entire action, and all of the claims asserted therein, be **DISMISSED WITH PREJUDICE**. Each party shall bear its own costs.

All relief not previously granted is hereby **DENIED**, and the Clerk is directed to **CLOSE** this civil action.

**So ORDERED and SIGNED this 25th day of September, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE